NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 24 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEFFREY FARRELL CHURCHILL,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

Defendant - Appellee.

No. 13-35578

D.C. No. 3:12-cv-05580-KLS

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Argued and Submitted September 4, 2015
Seattle, Washington

Before: NOONAN, HAWKINS, and GOULD, Circuit Judges.

Jeffrey Churchill appeals the district court's order upholding the

Commissioner of Social Security's denial of his request for Supplemental Security

Income (SSI) benefits.  We have jurisdiction under 28 U.S.C. § 1291, and we

vacate and remand.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We review de novo the district court's order upholding the Commissioner's denial of benefits. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). We will reverse such a decision only if it is based on legal error or is not supported by substantial evidence. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The Administrative Law Judge (ALJ) found Churchill was not disabled within the meaning of the Social Security Act, and therefore was not entitled to SSI benefits. The ALJ relied on the conclusions of Dr. Linda Jansen, Dr. Kent Reade, and Dr. Mary A. Gentile. She rejected the opinion of Dr. David Moore, who evaluated Churchill for the Washington State Department of Social and Health Services pursuant to Churchill's application for welfare benefits. The ALJ stated only that "Dr. Moore's opinion is not supported by the objective medical evidence," and therefore granted it "little weight." The ALJ also failed to include Dr. Moore's objective clinical findings in her list of objective medical evidence.

To reject an uncontradicted opinion of an examining doctor, an ALJ must state clear and convincing reasons for doing so. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If an examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject the former by providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citations omitted). Dr. Moore's

opinion contradicted Dr. Jansen's. We thus agree with the district court that the ALJ's "reason for rejecting Dr. Moore's opinion is insufficient, as it gives little guidance as to the specific evidence the ALJ actually reviewed and found to be inconsistent with [Dr. Moore's] opinion." However, ignoring Dr. Moore's opinion was not harmless. Had the ALJ incorporated Dr. Moore's findings into the hypothetical presented to the vocational expert, the expert may have testified that Churchill was unable to maintain any employment.

We thus vacate and remand to the district court to remand to the ALJ to properly consider how much weight to give Dr. Moore's findings. If the ALJ finds it appropriate to incorporate those findings into a new hypothetical, she may hold a hearing where the new hypothetical is presented to the vocational expert. Costs awarded to Churchill.

**VACATED and REMANDED**.